UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE UNITED PLANT AND
PRODUCTION WORKERS LOCAL 175
BENEFITS FUNDS,

                        Plaintiff,

                 -against-

HUDSON HILLS CONTRACTING, LLC,
ROBIN MIKET, AND JOHN DOE COMPANY,

                        Defendants.
------------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
18-CV-2706 (JMA)(AYS)

**FILED**
**CLERK**
12/29/2020 12:37 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

    Before the Court is the motion of plaintiff Trustees of the United Plant and Production Workers Local 175 Benefits Fund ("Plaintiff") for default judgment against defendants Hudson Hills Contracting, LLC and Robin Miket ("Defendants").[1] For the reasons stated herein, Plaintiff's motion is **GRANTED**.

## I. DISCUSSION

### A. Defendants Defaulted

    Defendants were properly served in the action, but have not appeared, answered, or responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

    When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

---

[1] Plaintiff does not purport to seek default judgment against defendant John Doe Company, which appears to be a fictitious company. The claims against John Doe Company are dismissed without prejudice.

the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, Plaintiff brings claims for breach of the Settlement Agreement. (ECF No. 1.) In light of the Confession of Judgment, (ECF No. 15-7), the Court finds that the allegations in the complaint are sufficient to establish Defendants' liability.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court finds that the exhibits attached to the Palmieri Declaration, (ECF No. 15), including the Confession of Judgment, establish damages of $300,000.00, attorneys' fees and costs of $4,157.50, and post-judgment interest at a rate of 10%.[2]

## II. CONCLUSION

The Clerk of Court is respectfully directed to enter judgment against Defendants for damages of $300,000.00, attorneys' fees and costs of $4,157.50, and post-judgment interest at a

---

[2] The Court's damages award is calculated based on the Notice of Motion, (ECF No. 14), the Palmieri Declaration, (ECF No. 15 at 1), and the conclusion of the memorandum of law, (ECF No. 16 at 9). The Court notes a discrepancy, however, in that at other points in the filings, Plaintiff references an entitlement to liquidated damages. (See, e.g., ECF No. 15 at 5, ECF No. 16 at 3.)

rate of 10%. Plaintiff is also directed to serve a copy of this Order on Defendants and file proof of service on ECF within seven (7) days. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: December 29, 2020
      Central Islip, New York

                                                 /s/   (JMA)
                                                 JOAN M. AZRACK
                                                 UNITED STATES DISTRICT JUDGE